UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK EDWARD SANTORA,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　　　Respondent. | Case No. 2:13-cv-00120-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it Respondent's Motion to Dismiss (Dkt. 26). The Social Security Administration (SSA) argues pro se Petitioner Mark Santora's Petition for Review must be dismissed because Santora has not received the "final decision" necessary for the Court to review his claims under 42 U.S.C. § 405(g). For the reasons set forth below, the Court will grant the SSA's motion to dismiss.

## BACKGROUND

In January of 2011, Santora applied for disability insurance benefits under Title XVI of the Social Security Act, alleging disability due to asthma, high blood pressure, and anxiety. The Commissioner of Social Security denied the application initially on

**MEMORANDUM DECISION AND ORDER - 1**

April 8, 2011, and upon reconsideration on July 18, 2011. The Notice of Reconsideration states that Santora's application was denied in part because he failed to provide additional information necessary for the SSA to fully evaluate his claim. (Dkt. 27-2 at 14.) The July 18, 2011 Notice states also that Santora must request a hearing before an Administrative Law Judge (ALJ) no later than 60 days from the date Santora received the notice. (*Id*.) More than nine months later, Santora filed a request for hearing on April 26, 2012. (*Id.* at 18.) Santora also filed a letter from attorney Mark Jones asking the SSA to find "good cause" for the late hearing request based on Santora's claim that he did not receive the July 18, 2011 Notice at his address of record. (*Id.* at 19.)

An ALJ dismissed Santora's request for hearing as untimely on May 25, 2012. The ALJ noted that the SSA's regulations create a presumption that claimants receive notices from the SSA five days after the date on the notice, unless the claimant can show the notice was not received within the five-day period. (*Id.*at 22, citing 20 C.F.R. § 416.1401.) Further, after considering the standards in 20 C.F.R. § 416.1411, the ALJ found Santora did not establish good cause for missing the filing deadline—specifically because the Notice was not returned as undeliverable and, even if the Notice was not delivered, Santora should have made an inquiry sooner than he did. (*Id*.at 22–23.) On June 28, 2012, Santora sought review of the ALJ's decision by the Appeals Council, and, on November 29, 2012, the Appeals Council denied the request for review.[1]

---

[1] Throughout the administrative process, Santora received correspondence from the SSA at 7206 Rapid Lightning Road in Sandpoint, Idaho, which is also his address of record in this case.

**MEMORANDUM DECISION AND ORDER - 2**

Following the Appeals Council decision, Santora initiated this appeal on March 12, 2013, by filing an Application for Leave to Proceed In Forma Pauperis and a Petition for Review (Dkt. 1, 2). The Court granted Santora leave to proceed in forma pauperis on May 31, 2013. On October 21, 2014, the Court ordered Santora to show cause for failure to serve process (Dkt. 9). Shortly thereafter, a summons issued, and Santora attempted to serve process on the SSA. On February 13, 2014, the SSA filed a motion to dismiss for insufficient service of process. The Clerk of Court sent Santora notice that a response is required for motions to dismiss (Dkt. 16), and, on February 19, 2014, Santora filed a letter opposing the motion to dismiss for insufficient service (Dkt. 17). Pursuant to the Court's Order dated April 3, 2014 (Dkt. 19), service of process occurred on April 21, 2014.

The SSA filed the instant motion to dismiss on July 9, 2014 (Dkt. 26). Santora has not responded to the second motion to dismiss. Given that three mailing from the Court have been returned as undeliverable at Santora's address of record, (Dkt. 22, 24, 25), he may be no longer receiving correspondence related to this case.[2]

All parties have consented to the jurisdiction of the undersigned United States Magistrate Judge (Dkt. 18). Accordingly, the Court enters the following disposition and order.

---

[2] It is Santora's duty to inform the Court of any change in his address. Pro se litigants allowed to appear and participate in an action "must advise the Court and other counsel of record, in writing, if that . . . pro se litigant has a change in . . . mailing address by filing a document entitled 'Notice of Change of Address' in each case in which he . . . has made an appearance." Dist. Idaho Loc. Civ. R. 83.6(d); *see also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address.").

**MEMORANDUM DECISION AND ORDER - 3**

**DISPOSITION**

A federal court may review the Commissioner of Social Security's denial of a claim for Social Security benefits only after the claimant exhausts his administrative remedies. *Matthews v. Eldridge*, 424 U.S. 319, 327–30 (1976). A claimant exhausts his administrative remedies by presenting the claim to the SSA and obtaining a "final decision" on the claim "after a hearing." 42 U.S.C. § 405(g); *see also Subia v. Commissioner*, 264 F.3d 899, 902 (9th Cir. 2001) (finding claimant failed to exhaust administrative remedies by not attending hearing). The United States Court of Appeals for the Ninth Circuit has found specifically that the discretionary decision to dismiss a hearing request as untimely is not a "final decision" subject to judicial review under 42 U.S.C. § 405(g). *Matlock v. Sullivan*, 908 F.2d 492, 494 (9th Cir. 1990). In *Matlock*, the Ninth Circuit held that judicial review of such discretionary decisions was not only precluded under the SSA's regulations, but would also "frustrate Congress' intent to forestall belated litigation of stale claims." *Id.*

Here, Santora failed to exhaust his administrative remedies by not timely requesting a hearing after the Commissioner denied his application on reconsideration on July 18, 2011. Under the SSA's regulations, Santora had 65 days, or until September 21, 2011, to request a hearing before an ALJ. *See* 20 C.F.R. § 416.1401 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period.") Santora did not file his request until April 26, 2012—217 days late. Thereafter, the ALJ dismissed Santora's hearing request because it was untimely and Santora had not shown good cause for an extension. This is precisely

**MEMORANDUM DECISION AND ORDER - 4**

the type of discretionary decision made unreviewable by the SSA's regulations, 20 C.F.R. § 416.1403(a)(8), and found unreviewable by the Ninth Circuit. *Matlock*, 908 F.2d at 494.

There is, however, an exception to the exhaustion requirement in cases where the claimant presents a "colorable" constitutional claim. *Hoye v. Sullivan*, 985 F.2d 990, 991–92 (9th Cir. 1993) (noting a claim is not "colorable" if it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial or frivolous"). Here, Santora does not allege a constitutional violation. And, even if the Court liberally construes Santora's claim as a due process challenge to the ALJ's untimeliness finding, the Court finds the claim not colorable. The administrative record contains numerous indications that Santora received correspondence from the SSA at his address of record—both before and after the July 18, 2011 Notice of Reconsideration. Absent from the record is any explanation why Santora did not receive the Notice of Reconsideration or why he did not make an inquiry with the SSA to determine when the Notice would be forthcoming. Such curiously unexplained allegations of lost mail do not amount to a colorable constitutional claim. *See Hoye*, 985 F.2d at 992 (quoting *Holloway v. Schweiker*, 724 F.2d 1102, 1105 (4th Cir. 1984)) ("Every disappointed claimant could raise such a due process claim, thereby undermining a statutory scheme designed to limit judicial review."). Accordingly, the Court finds it lacks jurisdiction over Santora's appeal.

**ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss (Dkt. 26) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to close this case.

Dated: **November 24, 2014**

Honorable Candy W. Dale
United States Magistrate Judge